**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq.
tfriedman@toddflaw.com
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Telephone: (323) 306-4234
Facsimile: (866) 633-0228

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF COLORADO

| | |
|---|---|
| RICHARD WINTERS, individually and on behalf of all others similarly situated, | Case No.: |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR** |
| v. | **DAMAGES** |
| ASAP SOLAR PROS INC. d/b/a SYSTEMATIC SOLAR, | |
| Defendants. | 1. **NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**<br>2. **KNOWING/WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT - 1

Plaintiff RICHARD WINTERS, JR. ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of ASAP SOLAR PROS INC. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper under *28 U.S.C. § 1331* because this action arises under a federal statute, namely the Telephone Consumer Protection Act, *47 U.S.C. § 227 et seq*.

3. Venue is proper in the United States District Court for the District of Colorado pursuant to *28 U.S.C. § 1391(b)(1)* because Defendant, a Colorado corporation, resides within this judicial district.

## PARTIES

4. Plaintiff, RICHARD WINTERS, JR. ("Plaintiff"), is a natural person residing in Mesa, Arizona and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5. Defendant is a solar power company incorporated in the State of Colorado, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6. The above named Defendant at all times either acted itself, or employed agents to act on behalf of Defendant in making the calls and sending the text messages identified in this complaint.

7. Plaintiff is informed and believes that each of the acts and/or

omissions complained of herein was made known to, and ratified by Defendant.

## FACTUAL ALLEGATIONS

1. Plaintiff's cellular telephone number ending in -6678 has been on the National Do-Not-Call Registry since at least October 5, 2018

2. In or around April of 2024, Plaintiff received a text message from Defendant on his cellular telephone, number ending in -6678.

3. During this time, Defendant began to use Plaintiff's cellular telephone for the purpose of sending Plaintiff spam advertisements and/or promotional offers, via text messages and phone calls.

4. On or around April 4, 2024, at 3:04 p.m., Plaintiff received an unsolicited text message from phone number 817-500-9352 that read:

> Hey Rich, tired of triple digit energy bills and rate hikes out of the blue? Not only can switching to solar can [sic] erase your energy bill but with predetermined rates, you'll never get any nasty surprise rate hikes. I wouldn't want you to miss out on an opportunity to put your family in a better financial position. Do you have time for a short call tomorrow? - Timo

5. On or around April 16, 2024, at 3:04 p.m., Plaintiff received another unsolicited text message from phone number 817-500-9352 that read

> Hey Rich, Timo here from Systematic Solar with something special for you: Get on a call with us by next week and we'll send you a bottle of wine – even if you decide not to go solar! I've got some space tomorrow if you're around. What's a good time for you?

6. Plaintiff is informed and believes that 817-500-9352 belongs to Defendant based on the fact that Defendant identified itself in the text.

7. In total, Defendant sent Plaintiff six solicitation text messages and two solicitation phone calls.

8. The telephone number that Defendant, or its agent texted was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming texts pursuant to 47 U.S.C. § 227 (b)(1).

9. These text messages constituted texts that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

10. Plaintiff was never a customer of Defendant and never provided his cellular telephone number Defendant for any reason whatsoever. Accordingly, Defendant and its agent(s) never received Plaintiff's prior express consent to receive unsolicited text messages, pursuant to 47 U.S.C. § 227 (b)(1)(A).

11. These text messages by Defendant, or its agents, violated 47 U.S.C. § 227(c).

12. Further, Plaintiff's cellular telephone number ending in -6678 has been on the National Do-Not-Call Registry since at least October 5, 2018.

13. Plaintiff has never done business with Defendant and therefore does not have a prior existing business relationship with Defendant.

14. Defendants placed multiple calls and text messages soliciting its business to Plaintiff on his cellular telephone ending in -6678 in or around April of 2024.

15. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

16. Plaintiff received multiple solicitation texts and a solicitation call from Defendant within a 12-month period.

17. Defendant continued to call Plaintiff in an attempt to solicit its services and in violation of the National Do-Not-Call provisions of the TCPA.

18. Upon information and belief, and based on Plaintiff's experiences of

being called by Defendants after being on the National Do-Not-Call list for several years prior to Defendant's initial call, and at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

## CLASS ALLEGATIONS

19.     Plaintiff brings this action individually and on behalf of all others similarly situated, as a member the following proposed class:

The National Do-Not-Call Class (hereafter "The Class")

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who did not have a prior established business relationship, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the complaint.

20.     Plaintiff represents, and is a member of, The Class, consisting of all persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the complaint.

21.     Defendant, including its employees and agents, are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

22.     The Class is so numerous that the individual joinder of all of its

members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

23. Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

24. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed more than one solicitation call to the members of the Class whose telephone numbers were on the National Do-Not-Call Registry and did not have an established business relationship with Defendant;

    b. Whether Defendant obtained prior express written consent to place solicitation calls to Plaintiff or the Class members' telephones;

    c. Whether Plaintiff and the Class member were damaged thereby, and the extent of damages for such violation; and

   d. Whether Defendant should be enjoined from engaging in such conduct in the future.

25. As a person that received numerous solicitation calls from Defendant within a 12-month period, who had not granted Defendant prior express consent and did not have an established business relationship with Defendants, Plaintiff is asserting claims that are typical of the Class.

26. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

27. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

28. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

29. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to

CLASS ACTION COMPLAINT - 7

the members of the Class as a whole.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(c)

### On Behalf of the Class

30. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in the paragraphs above.

31. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, and in particular *47 U.S.C. § 227 (c)(5)*.

32. As a result of Defendant's negligent violations of *47 U.S.C. § 227(c)*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)(B)*.

33. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

### On Behalf of the Class

34. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in the paragraphs above.

35. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, in particular *47 U.S.C. § 227 (c)(5)*.

36. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(c)*, Plaintiff and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

37. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

## Negligent Violations of the Telephone Consumer Protection Act

## 47 U.S.C. §227(c)

- As a result of Defendants' negligent violations of *47 U.S.C. §227(c)(5),* Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(c)(5)*.
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

## Knowing and/or Willful Violations of the Telephone Consumer Protection Act

## 47 U.S.C. §227(c)

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(c)(5)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(c)(5)*.
- Any and all other relief that the Court deems just and proper.

///

///

# JURY DEMAND

38. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 23rd Day of May, 2024,

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Tel: 323-306-4234
tfriedman@toddflaw.com
Attorney for Plaintiff